UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROYAL BOROUGH OF KENSINGTON AND
CHELSEA,

                    Petitioner,                    22-cv-8303 (PKC)

    -against-                          OPINION AND ORDER

TARA BANFA-LOUIS,

                    Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner has filed a petition for the return of a child under the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 and the International Child Abduction Remedies Act, 22 U.S.C. 9001 et seq. Petitioner now moves to permit four identified witnesses to testify by simultaneous transmission from the U.K. at the January 9, 2023 hearing. Respondent has opposed the application. (Doc 29.)

        Rule 43(a), Fed R Civ. P., generally requires that testimony of a witness be taken in open court. It further provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

        Petitioner asserts that Ms. Bastock is employed by Royal Borough of Kensington and Chelsea Family & Children's Services Health Link Team and Ms. Shanks is employed by the Westminster City Council. Each live and work in the U.K. and work for local governmental authorities that are short staffed. Petitioner also notes that the end of the holiday period (which coincides with the hearing) is an especially busy time. Petitioner asserts that each of these two

witnesses have heavy caseloads with other court cases. In addition, Ms. Bastock is a single parent of a young child without alternative childcare. Cumulatively, these circumstances amount to good cause within the meaning of Rule 41(g) in the context of this non-jury proceeding. The Court will grant petitioner's request as to Ms. Bastock and Ms. Shanks subject to the following safeguards, conditions and requirements:

1. Petitioner is responsible for all costs and arrangements for the video transmission and shall coordinate with this Court's staff, including the audio-visual department, and comply with staff's directives and requirements.

2. Each witness will be sequestered during the testimony of any other witness. All persons present in the room during testimony of the witness shall be identified on the record.

3. The room in which the transmission takes place shall be free from distracting sounds. The background behind the witness shall be plain and without distracting images.

4. When directed by the Court in the course of the video transmission, the witness shall execute a written declaration as follows: "I declare under penalty of perjury that the testimony given to this Court is true and correct. Executed on January ____, 2023." A copy of the executed declaration shall be provided to the Court forthwith following the completion of the testimony. Petitioner's counsel shall advise the witness of this requirement before the witness testifies.

5. If respondent's counsel wishes to cross-examine the witness on any document, counsel shall provide a sealed envelope or envelopes containing the document or documents to petitioner's counsel seven (7) days before the hearing. Petitioner's counsel shall

promptly furnish the sealed envelope(s) to be opened as directed by respondent's counsel in the course of the examination of the witness.

Petitioner also seeks to have two other witnesses, one a solicitor and one a barrister, testify by video transmission. The solicitor is described as an "English law expert." The barrister is described as an "English immigration law expert." Rule 44.1, Fed. R. Evid., provides that "the court may consider any relevant material or source, including testimony, whether or not submitted by a party, including testimony, whether or not submitted by a party or admissible . . . " The Court's determination is "treated as ruling on a question of law." Id.

The live appearance of these two witnesses is neither necessary nor has good cause been demonstrated for their testimony by video transmission. Petitioner's application as to the solicitor and the barrister will be denied without prejudice to petitioner's ability to submit a declaration from these two witnesses provided that it complies with the notice requirement of Rule 44.1.

Letter motion (Doc 28) is GRANTED in part and DENIED in part as indicated herein.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 16, 2022