UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROYAL BOROUGH OF KENSINGTON AND
CHELSEA,

                        Petitioner,                    22-cv-8303 (PKC)

    -against-                                     ORDER

TARA BANFA-LOUIS,

                        Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has received and reviewed the letter of January 16, 2023 of respondent's counsel.

        The objects of the Convention on the Civil Aspects of International Child Abduction are set forth in its first article:

        a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

        b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

        There are, of course, defenses to returning a child that the Court need not enumerate in this Order.[1]  But, among them, are the provisions of Article 13 that provides in part that "[t]he judicial . . . authority <u>may</u> also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views."  (emphasis added)

---

[1] Every case under the treaty is considered on its own merits.  In each of the four cases under the treaty over which the undersigned has presided, the petitioner made out a prima facie case; the Court found, however, a defense under the treaty established in two cases and not established in two.

- 2 -

The Court has appointed counsel for CB-L, a thirteen-year-old, who is one of the children whose return is the subject of the petition. It is appropriate for counsel for CB-L to be present during any interview of the child by the Court and the Court anticipates such an interview at or near the end of the hearing. The Court has neither directed nor restricted any other role for counsel to non-party CB-L.

Respondent's counsel writes to the Court today complaining of the manner in which the lawyers for CB-L are acquitting their professional responsibilities. Counsel for respondent has strong views on what CB-L's counsel should be doing, including calling certain witnesses and cross-examining others.

Most emphatically, CB-L's counsel was not appointed as an additional counsel for either the petitioner or respondent. Respondent's counsel has no role in dictating a course of action to CB-L's counsel any more than he does to petitioner's counsel.

Application for the Court to direct CB-L's counsel and to adjourn the hearing is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 17, 2023