UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROYAL BOROUGH OF KENSINGTON AND
CHELSEA,

                    Petitioner,                  22-cv-8303 (PKC)

      -against-                         <u>ORDER</u>

TARA BAFNA-LOUIS,

                    Respondent.
------------------------------------------------------------x

CASTEL, U.S.D.J.

         Respondent Tara Bafna-Louis moves pursuant to Rule 62(d), Fed. R. Civ. P., for a stay of the Return Order entered by this Court.  (ECF 106, 95.)  The Royal Borough of Kensington and Chelsea ("RBKC") has submitted a letter-brief in response.  (ECF 108.)  The motion will be denied.

         This Court entered the Return Order on March 21, 2023.  (ECF 95.)  In an effort to accommodate logistical difficulties claimed by Bafna-Louis, the Return Order provided for the return of Baby L on May 17, 2023 if he was accompanied by the respondent or May 20, 2023 if he was accompanied by a representative of the petitioner.  (<u>Id.</u> ¶¶ 1, 7.)  Bafna-Louis filed a Notice of Interlocutory Appeal on March 30, 2023.  (ECF 96.)  In an Order filed on May 2, 2023, the Second Circuit granted respondent's motion for appointment of counsel and <u>sua</u> <u>sponte</u> stayed the Return Order for 60 days following entry of that Order.  (ECF 100.)  The Order of the Second Circuit stated:  "The purpose of the stay is to provide the Court with time to locate and appoint pro bono counsel, to provide pro bono counsel reasonable time to comply with Rule 8(a) and to prepare a stay motion, and for the district court and this Court to consider that presumed

renewed motion for a stay pending appeal."  (Id.)  Pro bono counsel was then secured, and

Bafna-Louis reports that her appeal will be fully briefed to the Second Circuit by August 8, 2023,

with oral argument scheduled for the first available appellate panel in September.  (ECF 106 at

2.)

       "Courts should apply the four traditional stay factors in considering whether to

stay a return order: (1) whether the stay applicant has made a strong showing that he is likely to

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies."  Chafin v. Chafin, 568 U.S. 165, 179 (2013)

(quotation marks omitted).  "The first two factors of the traditional standard are the most

critical."  Eidem v. Eidem, 2019 WL 13243081, at *1 (S.D.N.Y. May 28, 2019) (Sullivan, J.)

(quoting Nken v. Holder, 556 U.S. 418, 434 (2009)).  On the first Chafin prong, the Second

Circuit has also stated that a stay pending appeal is appropriate where the movant has

"demonstrated a substantial possibility, although less then a likelihood of success on

appeal . . . ."  Hirschfeld v. Bd. of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993)

(quotation marks omitted).

       "'[A] district court's application of these four factors to its own return order under

the Hague Convention will rarely augur in favor of issuing a stay.'"  Poix v. Santana, 2022 WL

16751915, at *1 (S.D.N.Y. Nov. 7, 2022) (Cronan, J.) (quoting Hofmann v. Sender, 2012 WL

8466673, at *1 (S.D.N.Y. Dec 20, 2012) (Karas, J.)); see also Saada v. Golan, 2021 WL

1176372, at *6 (E.D.N.Y. Mar. 29, 2021) ("'Staying the return of a child in an action under the

Convention should hardly be a matter of course.") (Donnelly, J.) (quoting Friedrich v. Friedrich,

78 F.3d 1060, 1063 (6th Cir. 1996)).  The Hague Convention and ICARA "stress the importance

of the prompt return of children wrongfully removed or retained," and the routine grant of stays "would conflict with the Convention's mandate of prompt return to a child's country of habitual residence." Chafin, 568 U.S. at 178.

On the first factor, Bafna-Louis has not made a strong showing that she is likely to succeed on the merits. The Second Circuit has directed counsel to brief the issues of whether Baby L was a "habitual resident" of the United Kingdom at the time of removal, whether the RBKC had rights of custody over Baby L at the time of removal, and whether Bafna-Louis failed to establish an affirmative defense to removal under the Hague Convention. (ECF 106 at 2.) The Court need not revisit its findings of fact and conclusions of law on these points. See Royal Borough of Kensington & Chelsea v. Bafna-Louis, 2023 WL 2387385, at *13-14, 17-18, 22-28 (S.D.N.Y. Mar. 7, 2023). However, this Court's analysis considered Baby L's infant status and the particularities of his upbringing, detailed the circumstances giving rise to the RBKC's custody, and gave exhaustive consideration to Bafna-Louis's affirmative defenses. See id. A district court's findings of fact under the Hague Convention are reviewed for clear error. Hofmann v. Sender, 716 F.3d 282, 292 (2d Cir. 2013). Bafna-Louis's stay application does not make a strong showing or substantial possibility of clear error. Chafin, 568 U.S. at 179; Hirschfeld, 984 F.2d at 39; Eidem, 2019 WL 13243081, at *1-2.

On the second factor, courts consider irreparable injury to both the movant and the children. Eidem, 2019 WL 13243081, at *2. Bafna-Louis now urges that there would be irreparable harm because the Return Order applies to Baby L whereas the Court declined to order the return of the thirteen-year-old CBL in light of his age and degree of maturity. Royal Borough of Kensington & Chelsea, 2023 WL 2387385, at *19-22. Bafna-Louis argues that the separation of CBL and Baby L presents an irreparable harm because courts generally disfavor

relief that separates the family.  However, the Court expressly stated that it was not ordering the

separation of the family:

> No Order of this Court will prevent CBL from either remaining in
> the United States or returning to the United Kingdom temporarily or
> permanently, as is his own choice.  During the interview, the Court
> described different possible outcomes to the RBKC's petition,
> including the possibility that the petition could be granted as to Baby
> L but not as to CBL.  While he viewed such as result as very much
> not to his liking, he was resigned to the possibility, and stated his
> strong desire to remain with Bafna-Louis and Baby L.
> Alternatively, it may come to pass that CBL elects to remain in the
> United States, perhaps as a student at one of the boarding schools he
> discussed.  Perhaps it would be possible for CBL to attend school in
> the United States while also making frequent visits to London.

2023 WL 2387385, at *22.  This conclusion was consistent with the position advocated by CBL

through his pro bono counsel:

> Although CB-L currently believes that he would return with his
> younger brother, [Baby L], and mother were his brother ordered to
> be returned, as he feels it would be intolerable to be separated from
> either of them, he also recognizes the value in choice.  The ability to
> go to boarding school in the United States if he receives admission,
> to finish the last few months of his school year in New York, to visit
> his grandmother and other family in the United States when he so
> chooses, and, more broadly, to return more permanently to the
> United States should he so choose, is something he values highly.
> Therefore, CB-L urges the court to honor his strong objection to
> being returned to England and the grave risk of harm he would face
> upon return to such environment.

(ECF 86 at 1.)  Respondent's counsel disingenuously labels this as a "Hobson's choice."  (ECF

106 at 6-7.)  The Court carefully considered the hardships to CBL and, based on its firsthand

observations of his thoughtfulness and maturity, concluded that the Court would not compel a

return to England that went against his wishes.  It did not order the separation of CBL from Baby

L and Bafna-Louis.

Bafna-Louis also raises the potential harm of "the burden on the child of moving

it back and forth overseas unnecessarily."  (ECF 106 at 7.)  But "delaying a child's return for this

reason alone is disfavored because, if the petitioner ultimately prevails on appeal, such a delay renders the subsequent return more difficult for the child." <u>Eidem</u>, 2019 WL 13243081, at *2. "District courts can balance these concerns by granting respondents a brief stay to allow them enough time to seek a stay from the Court of Appeals." <u>Id.</u> Such stays typically are in place for a period of time raising from two weeks to one month. <u>See id.</u> (collecting cases). Here, the Return Order allowed for approximately two months between the date that it issued and the Return of Baby L. (ECF 95.) The Second Circuit's Order of May 2 provided for a stay of 60 days. (ECF 100.) Bafna-Louis has not identified the need for a further stay from this Court in order to seek a stay from the Second Circuit.

The third <u>Chafin</u> factor is neutral. The RBKC is a public entity and it does not have the type of interest in being reunited with Baby L that would be present for a family member. Aside from the public interests considered in the fourth <u>Chafin</u> factor, the RBKC does not identify an injury that other interested parties would incur from a stay. (ECF 108 at 4.)

The fourth <u>Chafin</u> factor weighs against the stay application. "[T]he public interest, as relevant to a Hague Convention dispute, is primarily defined by the treaty itself, the express purpose of which is to secure the prompt return of children wrongfully removed to or retained in any Contracting State." <u>Poix</u>, 2022 WL 16751915, at *1 (citing <u>Chafin</u>, 568 U.S. at 185 (Ginsburg, J., concurring) ("Protraction . . . is hardly consonant with the Convention's objectives.")); <u>accord</u> <u>Eidem</u>, 2019 WL 13243081, at *3 ("the public interest would be undermined by a stay because further delay would cut against the Hague Convention's purpose of securing the prompt return of children to their State of habitual residence.").

Based on the foregoing, the respondent's application for a stay is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 13, 2023